UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SARAH ALESSANDRO, JOSHUA CLARK, | § | |
| CARA FITZGERALD, and | § | |
| SAMUEL HOLDEMAN | § | |
| Individually and On Behalf of | § | Civil Action No. 1:17-cv- 527 |
| All Others Similarly Situated | § | |
| | § | |
| Plaintiffs, | § | JURY DEMANDED |
| | § | |
| v. | § | |
| | § | |
| DESI & FRIENDS, LLC, D/B/A | § | |
| G'RAJ MAHAL CAFE, and | § | |
| SIDNEY ROBERTS, Individually | § | |
| | § | |
| Defendants | § | |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT
AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiffs, Sarah Alessandro, Joshua Clark, Cara Fitzgerald, and Samuel Holdeman ("Plaintiffs" or "Class Representatives"), on their own and on behalf of the proposed class, and file this their Plaintiffs' Original Collective Action Complaint and Jury Demand complaining of Desi & Friends, LLC, d/b/a G'Raj Mahal Cafe, and Sidney Roberts, Individually, (collectively referred to as "Defendants"), and for cause of action would respectfully show the following:

**I. PARTIES**

1.1. Plaintiff Sarah Alessandro is an individual residing in Travis County, Texas. This Plaintiff's Consent Form is attached as Exhibit "A".

1

1.2. Plaintiff Joshua Clark is an individual residing in Travis County, Texas. This Plaintiff's Consent Form is attached as Exhibit "B".

1.3. Plaintiff Cara Fitzgerald is an individual residing in Travis County, Texas. This Plaintiff's Consent Form is attached as Exhibit "C".

1.4. Plaintiff Samuel Holdeman is an individual residing in Travis County, Texas. This Plaintiff's Consent Form is attached as Exhibit "D".

1.5. Defendant Desi & Friends, LLC, d/b/a G'Raj Mahal Cafe is a domestic limited liability company doing business in the State of Texas and maintains its principal office in Austin, Texas. This Defendant can be served with process by serving its registered agent for service of process, Sidney J. Roberts, 3207 Paisano Trail, Austin, Texas 78745, or at 12700 Encino Drive, Austin, Texas 78652, or at any other place where she may be found .

1.6. Defendant Sidney Roberts is an individual residing in Austin, Texas and may be served with process at 3207 Paisano Trail, Austin, Texas 78745, or at 12700 Encino Drive, Austin, Texas 78652, or at any other place where she may be found .

## II. COLLECTIVE ACTION

2.1. Plaintiffs file this Complaint on their own behalf and on behalf of other similarly situated employees and former employees of Defendants pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Specifically, Plaintiffs file this Complaint on their behalf and on behalf of other servers, waiters/waitresses, hosts/hostesses, bartenders, and other tipped employees and those performing the same or similar job duties ("Class Members") at any time from June 2, 2014 to the present ("Relevant Time Period").

## III. JURISDICTION AND VENUE

3.1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

3.2. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391 because Defendant Desi & Friends, LLC, d/b/a G'Raj Mahal Cafe maintains its principal office in this District, because Defendant Sidney Roberts resides in this District, and because a substantial part of the events giving rise to the claims occurred in this District.

## IV. FLSA COVERAGE

4.1. All allegations set forth herein are alleged to have occurred during the Relevant Time Period as identified in Paragraph 2.1, *supra*.

4.2. At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiffs and Class Members.

4.3. At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.4. At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.5. At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.6. At all times hereinafter mentioned, Plaintiffs and Class Members were each an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## V. FACTS

5.1. All allegations set forth herein are alleged to have occurred during the Relevant Time Period as identified in Paragraph 2.1, *supra*.

5.2. Defendants operate a Restaurant Austin, Texas, commonly known as G'Raj Mahal Cafe. Plaintiffs and Class Members either work or have worked at this establishment as servers, waiters/waitresses, hosts/hostesses, and/or bartenders.

5.3. Sidney Roberts is an owner and director of Desi & Friends, LLC, d/b/a G'Raj Mahal Cafe.

5.4. As an owner and director of Desi & Friends, LLC, d/b/a G'Raj Mahal Cafe, Sidney Roberts independently exercised control over the work situation of Plaintiffs and Class Members.

5.5. Sidney Roberts acted directly or indirectly on behalf of Desi & Friends, LLC, d/b/a G'Raj Mahal Cafe.

5.6. Sidney Roberts determined the wages to be paid to Plaintiffs and Class Members.

5.7. Sidney Roberts determined the work to be performed by Plaintiffs and Class Members during the Relevant Time Period.

5.8. Sidney Roberts maintained the employment records of Plaintiffs and Class Members.

5.9. Sidney Roberts maintained the power to discipline Plaintiffs and Class Members.

5.10. Sidney Roberts maintained the power to hire and fire Plaintiffs and Class Members.

5.11. Sidney Roberts maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiffs and Class Members.

5.12. Plaintiffs and Class Members were employed jointly by Defendants.

5.13. Defendants required Plaintiffs and Class Members to contribute to a tip pool.

5.14. During the Relevant Time Period, it was Defendants' policy and/or practice to pay expeditors out of the tip pool.

5.15. Expeditors are employees who conduct quality assurance of prepared food orders by inspecting to ensure the order is correct and prepared as ordered, properly plated, placed on a tray for delivery to the customer, and they also assist with the preparation of certain appetizers.

5.16. It was also Defendants' policy and/or practice to pay managerial personnel out of the tip pool.

5.17. During the Relevant Time Period, expeditors did not customarily and regularly receive tips.

5.18. During the Relevant Time Period, managers did not customarily and regularly receive tips.

5.19. Therefore, it was Defendants' policy and/or practice to pay employees out of the tip pool that do not customarily and regularly receive tips.

5.20. Defendants did not inform Plaintiffs and Class Members of the law as it pertains

tip credits.

5.21. Defendants compensated Plaintiffs and Class Members at an hourly rate less than $7.25, plus tips, for all hours worked.

5.22. Defendants owe Plaintiffs and Class Members unpaid wages for unpaid minimum wage under the FLSA for work they performed.

5.23. Defendants owe Plaintiffs and Class Members unpaid wages for unpaid overtime under the FLSA for work they performed in excess of forty hours in a workweek.

## VI. FLSA VIOLATIONS

6.1. Plaintiffs incorporate the factual allegations recited above and would show that Defendants are liable to them for unpaid minimum wage and overtime compensation under the FLSA.

6.2. Defendants had a statutory duty to pay Plaintiffs and Class Members at a rate of $7.25 for all hours worked. Defendants engaged in an impermissible tip pool during the Relevant Time Period. Defendants did not pay Plaintiffs and Class Members an hourly rate of $7.25 for all hours worked during the Relevant Time Period.

6.3. Defendants had a statutory duty to pay Plaintiffs and Class Members at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty per workweek. Plaintiff and Class Members worked for Defendants in excess of forty hours a week during the Relevant Time Period. Defendants did not pay Plaintiffs and Class Members for overtime at a rate of one and one-half times their regular rate for overtime hours during the Relevant Time Period.

6.4. Plaintiffs and Class Members preformed primarily non-exempt duties to the extent necessary to be classified as non-exempt employees under the FLSA.

6.5. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.6. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

7.1. Plaintiffs incorporate the factual allegations recited above. Plaintiffs bring this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all persons who were, are, or will be employed by Defendants as hourly non-exempt servers, waiters/waitresses, hosts/hostesses, bartenders, and other tipped employees within three years from the commencement of this action.

7.2. Pursuant to 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiffs because their claims are similar to the claims possessed by the Class Members.

7.3. It was Defendants' policy and/or practice to take a tip credit and not pay Plaintiffs and Class Members the statutory minimum wage for all hours worked. Defendants engaged in an impermissible tip pool by extending it to include individuals who do not customarily and regularly receive tips. Therefore, there are other similarly situated employees and former employees who are owed wages under the FLSA for the work they performed during their employment with Defendants.

7.4. It was Defendants' policy and/or practice to not pay Plaintiffs and Class Members for hours they worked in excess of forty per week at one and one-half times their regular hourly rate. Therefore, there are other similarly situated employees and former employees who are owed wages under the FLSA for the work they performed during their employment with Defendants.

7.5. Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

7.6. The precise number of Class Members should be readily available from Defendants' personnel, scheduling, time, and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses and other relevant contact information of the Class Members of the collective action are discoverable from Defendants.

7.7. The Class Members are owed wages, liquidated damages, and attorneys' fees for the same reasons as those cited by Plaintiffs herein. These Class Members should be notified and given the opportunity to join this lawsuit pursuant to Section 216(b) of the FLSA and Plaintiffs request such notice be issued.

## VIII.  ATTORNEY'S FEES

8.1. Defendants' refusal to fulfill their statutory duty to Plaintiffs has made it necessary for them to employ the undersigned attorneys to file this lawsuit. As such, Plaintiffs request the Court to award a reasonable fee, as required by the FLSA, for their attorneys' services rendered herein, at the trial court and the court of appeals, and the Supreme Court, if necessary, as well as expenses and costs. Should members of the Class join this lawsuit and retain the undersigned attorneys, such fees, expenses, and court costs are sought for work performed on their behalf as well.

## IX.  JURY DEMAND

9.1. Plaintiffs hereby request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

(a).     Designation of this action as a collective action on behalf of the FLSA collective class and the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b).     Judgment against Defendants in the amount of Plaintiffs' and the collective class' unpaid back wages at the applicable minimum wage and overtime rates;

(c).     An additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

(d).     A finding that Defendants' violations of the FLSA were willful and in bad faith;

(e).      All reasonable costs and attorneys' fees pursuant to pursuant to 29 U.S.C. § 216(b);

(f).     An award of prejudgment interest (to the extent liquidated damages are not awarded) and post judgment interest as provided by law;

(g).     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

(h).     All further relief as the Court deems just and equitable.

DATED:  June 2, 2017.

                Respectfully submitted:

                **LEICHTER LAW FIRM, PC**

                By: */s/ David G. Langenfeld*
                    David G. Langenfeld

                                Attorney-in-Charge  
                                State Bar No. 11911325  
                                1602 East 7th Street  
                                Austin, TX  78702  
                                Tel.:  (512) 495-9995  
                                Fax:   (512) 482-0164  
                                Email:  david@leichterlaw.com

**ATTORNEYS FOR PLAINTIFFS**